1  David S. Reidy (SBN 225904)
   dreidy@reedsmith.com
2  Luke W. Bowman (SBN 252024)
   lbowman@reedsmith.com
3  REED SMITH LLP
   101 Second Street, Suite 1800
4  San Francisco, CA 94105
   Telephone:    +1 415 543 8700
5  Facsimile:    +1 415 391 8269

6  Attorneys for Defendants
   Countrywide Home Loans, Inc.;
7  Mortgage Electronic Registration Systems, Inc.;
   Bank of America, N.A.; and
8  ReconTrust Company, N.A.

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

   MARK CASTILLO,                                    Case No. **3538**
12
                  Plaintiffs,                        [Removal from the Superior Court of California,
13                                                   County of Santa Clara, Case No. 1-10-CV-
       vs.                                           176516]
14
   COUNTRYWIDE HOME LOANS, INC.;                     **DEFENDANTS' NOTICE OF REMOVAL**
15 MORTGAGE ELECTRONIC REGISTRATION                  **OF CIVIL ACTION PURSUANT TO 28**
   SYSTEMS, INC.; BANK OF AMERICA, N.A.;             **U.S.C. SECTIONS 1331 AND 1441**
16 RECONTRUST COMPANY, N.A.; and DOES 1
   through 100, inclusive,                           [FEDERAL QUESTION]
17
                  Defendants.                        Complt. Filed: July 9, 2010
18

19

20

21

22

23

24

25

26

27

28

1 **TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE**

2 **NORTHERN DISTRICT OF CALIFORNIA**:

3      PLEASE TAKE NOTICE that, pursuant to sections 1331, 1441 and 1446 of Title 28 of the

4 United States Code, Defendants Countrywide Home Loans, Inc. ("Countrywide"), Mortgage

5 Electronic Registration Systems, Inc. ("MERS"), Bank of America, N.A. ("BANA") and ReconTrust

6 Company, N.A. ("ReconTrust") (collectively, "Defendants"), hereby remove the action entitled *M.*

7 *Castillo v. Countrywide Home Loans, Inc., et al.* filed in the Superior Court of California for the

8 County of Santa Clara (Case No. 1-10-cv-176516) (the "Action") to the United States District Court

9 for the Northern District of California. Removal is proper because, as set forth herein, this Court has

10 subject matter jurisdiction over the claims at issue in the Action and the procedural requirements for

11 removal have been satisfied.

12 **I.**     **THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C.**

13 **SECTIONS 1331 AND 1441**

14      On July 9, 2010, Plaintiff Mark Castillo ("Plaintiff") filed this Action in the Superior Court

15 of California for the County of Santa Clara. In the Complaint, Plaintiff asserts claims against

16 Defendants for violation of the federal Home Ownership Equity Protection Act ("HOEPA"), 15

17 U.S.C. section 1639(h), the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, as well as

18 TILA's implementing regulation, "Regulation Z" arising out of a mortgage loan obtained by Plaintiff

19 and subsequent foreclosure proceedings. *See, e.g.,* Complt. ¶¶ 26, 28. The Complaint also alleges

20 various fraud and other common law claims as well as violations of several California statutes based

21 on the same mortgage loan and foreclosure proceedings. *See, e.g.,* Complt. ¶ 42.

22      Because this Action arises under federal law that can be ascertained from the face of

23 Plaintiff's Complaint, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. §

24 1331. Furthermore, this Court has supplemental jurisdiction over all of Plaintiff's other claims,

25 which arise out of the "same case or controversy" pursuant to 28 U.S.C. § 1367(a). Accordingly, the

26 Action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441.

27

28

*Left margin:* REED SMITH LLP — A limited liability partnership formed in the State of Delaware

## II.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

The Complaint and Summons filed in this Action were sent by mail and received by Defendant MERS on July 12, 2010. *See* Declaration of Luke W. Bowman ("Bowman Decl.") ¶ 2. Defendants Countrywide and BANA were personally served on July 28, 2010. *See id.* Defendant ReconTrust has no record of service. *See id.* The documents received by Defendants are attached hereto as **Exhibit A**. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days of the receipt of the Complaint by Defendant MERS.

Furthermore, all other Defendants have joined in this removal, notwithstanding any service-related issues.

The Superior Court of California for the County of Santa Clara is located within the United States District Court for the Northern District of California. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In compliance with 28 U.S.C. § 1446(d), Defendants will serve on Plaintiff and will file with the Clerk of the Superior Court, a "Notice to the Clerk of the Superior Court and To Adverse Parties of Filing of Notice of Removal of Civil Action to Federal Court," attaching a copy of this Notice of Removal.

No previous application has been made for the relief requested herein.

WHEREFORE, Defendants remove this action from the Superior Court of California for the County of Santa Clara to this Court pursuant to 28 U.S.C. § 1441.

DATED: August 11, 2010

REED SMITH LLP

By_____
Luke W. Bowman
Attorneys for Defendants
Countywide Home Loans, Inc.;
Mortgage Electronic Registration Systems, Inc.;
Bank of America, N.A.; and
ReconTrust Company, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

**EXHIBIT  A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2010 JUL -9 P 1: 39

D. Wendel

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COUNTRYWIDE HOME LOANS, INC.
SEE ATTACHED AS EXHIBIT 1

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARK CASTILLO

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is: SUPERIOR COURT OF CALIFORNIA
(El nombre y dirección de la corte es):

CASE NUMBER:
(Número del Caso): 1 1 0 C V 1 7 6 5 1 6

191 N. FIRST STREET
SAN JOSE, CALIFORNIA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

MARK CASTILLO, 681 Alexandra Court, San Jose, California 95125   (408) 594-3138

RECD. BY D. Wendel

SHERIFF COURT SERVICES
COUNTY CIVIL HOUSE
L.A. CIVIL PROCESS
Deputy (Adjunto)
2010 JUN 11 AM 11: 12

| DATE: | JUL - 9 2010 | DAVID H. YAMASAKI | Clerk, by | | , Deputy |
|-------|--------------|-------------------|-----------|-----|----------|
| (Fecha) | | Chief Executive Officer, Clerk | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT A

1

## EXHIBIT 1

2

3  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

4  BANK OF AMERICA, N.A.

5  RECON TRUST COMPANY, N.A.

6  and DOES 1 through 100 Inclusive

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ENDORSED

2010 JUL -9  P  1: 39

**MARK CASTILLO**
681 Alexandra Court
San Jose, California 95125
Telephone: (408) 594-3138

Plaintiff in Pro Per

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

[UNLIMITED JURISDICTION]

MARK CASTILLO,

Plaintiff,

Vs.

COUNTRYWIDE HOME LOANS, INC.,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, BANK OF
AMERICA, N.A., AND RECON TRUST
COMPANY, N.A.

and DOES 1 through 100, Inclusive

Defendants.

Case No.: 1 1 0 C V 1 7 6 5 1 6
Verified Complaint for Damages for:

1. Predatory Lending Practices;
2. Conspiracy;
3. Aiding and Abetting;
4. Intentional Misrepresentation/
   Deceit(Fraud);
5. Intentional violation of Statutes (Cal C.C.
   1916.7, 1920, 1921 and Cal Corp. Code
   191);
6. Demand for Accounting;
7. Unfair Business Practices (Cal Corp.
   Code 10130; 17200; 17500)
8. Breach of Implied Warranty of Good
   Faith and Fair Dealing;
9. Declaratory Relief;
10. Quiet Title; and
11. Injunctive Relief.

**DEMAND FOR JURY TRIAL**

COMES NOW plaintiff, MARK CASTILLO, and alleges and pleads as follows:

VERIFIED COMPLAINT
1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PARTIES AND JURISDICTION

1.   Plaintiff is and at all times mentioned as resident of the city of San Jose, County of Santa Clara in the state of California.

2.   Plaintiff is informed and believes and based on upon such information and belief thereon allege that the defendant COUNTRYWIDE HOME LOANS, INC.(herein referred to as "COUNTRYWIDE") is and at all times mentioned as a business form unknown to Plaintiff.

3.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") was, and is, a Delaware Corporation. MERS is also listed as the beneficiary on the Deed of Trust (See herein incorporated as Exhibit "A"). Plaintiff is informed and believes, and on that basis alleges that MERS is not authorized to conduct business in the State of California. Plaintiff is also informed and believes and on that basis further alleges that Defendant MERS is NOT a lending institution subject to California Corporations Code Section 191 and therefore does not have legal capacity as a corporation to conduct business within the state of California, and most certainly cannot authorize or request the foreclosure of any loan, wherein they are the named beneficiary in the State of California, as the case herein.

4.   Plaintiffs is informed and believes and based on upon such information and belief thereon allege that the defendant BANK OF AMERICA, N.A. (herein referred to as "BOFA" ) is and at all times mentioned as a corporation, organized and existing pursuant to the law of the state of California in the County of Santa Clara, state of California.

5.    Plaintiffs is informed and believes and based on upon such information and belief thereon allege that the defendant RECON TRUST COMPANY, N.A., (herein referred to as "RECON") is and at all times mentioned as a corporation, organized and existing pursuant to the law of the state of California in the County of Santa Clara, state of California.

6.    The true names and capacities, whether individual, corporate, associate or otherwise of defendants named herein as DOES 1 through 100 Inclusive, are unknown to plaintiff, who therefore, sues said defendants by such names by such fictitious names. Plaintiff will amend this complaint when same has been ascertained. Plaintiff is informed and believes and based upon such information and belief thereon alleges that all defendants sued herein as DOES are in some manner responsible for the acts herein alleged.

7.    At all times herein mentioned, plaintiff is informed and believes and based upon such information and belief thereon alleges that defendants, and each of them, were agents, employees and or servants of each other were acting within the course and scope of said agency, employment or service and with the permission and consent of each other defendants.

8.    Venue is proper in this court because the subject property is located within this judicial district commonly known as 681 Alexandra Court, San Jose, California 95125.

9.    Defendant COUNTRYWIDE is a lender engaged in making and selling risky loans during the last several years when the obligations giving rise to Plaintiff's complaint were incurred.

///

///

///

VERIFIED COMPLAINT
3

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTIONS

10. During the last several years, defendants, COUNTRYWIDE and MERS, engaged in wrongful, predatory, and illegal lending practices in the areas of Santa Clara County which were predominantly for the specific, obvious, purpose of generating as many sub-prime loans as possible for sale to investors in the United States and abroad. Said Defendants intentionally used deceptive tactics to induce and convince borrowers to obtain loans that they would not have qualified for under conventional lending practices. These misleading practices resulted in borrowers taking on loans that they obviously were not capable of paying. Plaintiff was one of such victims of defendants' improper marketing and sales effort.

11. In or about May, 2006, Plaintiff was solicited by said Defendants and offered to refinance his residential real property located at 681 Alexandra Court, San Jose, California 95125. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned COUNTRYWIDE's Real Estate Sales broker was an agent for defendants, and each of them, and was acting within the course and scope of that agency.

12. Plaintiff is not sophisticated nor trained in real estate transactions or proficient in English, and Defendants, and each of them, clearly exploited Plaintiff's lack of training, experience, and English proficiency by "rushing and pressuring" Plaintiff into signing the loan documentation quickly, without any explanation whatsoever of the terms and legal effect of said loan nor by providing a copy for him to read, study, or understand, so that it could be given to defendants for review by an attorney, in clear violation of California Civil Code Section 1632.

///

///

13.   At no time prior to and at time of executing the Subject Loan documentation did defendant provide Plaintiff with any explanation or clarification of the Security Documents and/or other required disclosures for him to read and review, despite Plaintiff's lack of English proficiency. Further, Plaintiff was intentionally denied the opportunity to seek legal advice without a copy of the "Loan Docs".

14.   Plaintiff is informed and believes and thereon alleges that said Defendants, and each of them, had a conflict of interest in that said broker was paid a "yield spread premium" fee (YSP fee") to encourage and steer Plaintiff into a higher rate loan, which was not the loan Plaintiff had initially wished to undertake. The broker was paid the "YSP" fee tied to the amount by which the interest rate on the loan was greater than the then prevailing rate. This conflict of interest and payment was concealed from Plaintiff at the time the loan was made.

15.   At the time of solicitation and offer, COUNTRYWIDE assured Plaintiff that the amount of the proposed Subject Loan would not exceed $529,000.00. After loan closing, it was discovered that Plaintiff was clearly, willfully, and intentionally misled and deceived by said broker and Defendants, and each of them.

///

///

///

///

///

///

///

VERIFIED COMPLAINT
5

16.   Plaintiff is informed and believes and thereon alleges that defendant used related fraudulent appraisers to give a real estate appraisal that would justify the large loan that was made to Plaintiff. Although fraudulent said appraisers, who were acting as agents, servants, or employees of said Defendants represented one value of what the Subject Property was worth, when said Defendants knew the actual value was far less. As a result, said defendant intentionally made a loan to Plaintiff that was in excess of the value of the Subject Property. Plaintiff has lost all equity in the Subject Property due to aforesaid deceitful loan transaction and agreement with defendants, and each of them, which was and is void ab initio, by operation of law, which is upon loan alleged herein, including, but not limited to, defendant's violation of disclosure requirements, its violation of its duty to refrain from making misleading statements and fraudulent misrepresentation, and its engaging in predatory lending practices.

17.   By reason of the willfully, intentionally, and clearly illegal lending practices of defendant, each of them, Plaintiff was wrongfully and unlawfully induced to refinance the Subject Property and execute the Subject Loan and Security Documents.  As a result thereof the Subject Loan and Security Documents were tainted as they had been produced by the wrongful, intentionally, deceptive, and illegal tactics and activities of defendants, and each of them.

18.   Plaintiff was willfully and intentionally misled and deceived by the deceptive conspiratorial acts, conduct, and misrepresentations of Defendant BOFA who falsely induced Plaintiff into believing that said Defendants were assisting Plaintiff with receiving a reasonable and fair "Loan Modification" agreement of Plaintiff's loan. When said false representations were made, Defendant BOFA, acting as the agent /representative of each and all other defendants, knew said statements were untrue and no Loan Modification was being processed or produced on behalf of Plaintiff.

19. In or about September, 2009, Defendants, and each of them, had instead deceptively planned, schemed and conspired to mislead and deceive Plaintiff by not qualifying or attempting to qualify Plaintiff for a "Loan Modification" agreement in violation of California Civil Code Sections 2923.52 and 2923.53.

20. As a result of the non-payment of the Subject Loan, defendant BOFA demanded a non-judicial foreclosure proceeding against Plaintiff without complying with California Civil Code Section 2923.5, et seq. Defendants, and each of them, did not offer to decrease Plaintiff's principle balance to the fair market value, in clear violation of California Civil Code Section2923.5(D).

21. Plaintiff has attempted in good faith to work out a resolution with defendants, and each of them, but defendants do not appear to have authority to resolve the matter, and it has otherwise failed and refused to make any good faith effort to attempt to resolve the matter with Plaintiff.

22. Said Defendants, have demanded an non-judicial foreclosure sale clearly without statutory authority and in violation of California law which prohibits defendants, and each of them, from conducting a "Trustee's Sale" in California under California Civil Code 2923.5, which requires defendant BOFA to seek a Loan Modification on behalf of Plaintiff or to "modify" the terms of the Subject Loan prior to defendants, and each of them, authorizing or demanding any Trustee's Sale in compliance with Cal CC 2923.5 and 2924, et seq.

///

///

///

///

///

VERIFIED COMPLAINT
7

23.  The aforementioned conduct c  defendants, and each of them, was an intentional false representation, deceit, and/or concealment o:  material facts known to Defendants, and each of them, with the intention on the part of said defendants, and   ch of them, of depriving Plaintiff of his statutory right to protect his property, legal rights, or otherwise causir  injury, and said acts, conduct and false representations, were clearly despicable as it subjected Plaintiff to   uel and unjust hardship in conscious disregard of Plaintiff's rights.

24.  The allegations of this con  plaint stated on information and belief are likely to have evidentiary support after a reasonable op  ortunity for further investigation or discovery during the tendency of the action herein.

## F  iST CAUSE OF ACTION

## AGAINST ALL DEFENDANTS

### (Predatory Lending Practices)

25.  Plaintiff repeat, re-allege and incorporates by this reference all allegations make hereunder as though fully set forth herein.

26.  Plaintiff is informed and believes and thereon alleges that defendants, each of them, did engage and have engaged in predatory lending practices in violation of Federal Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. 1637, the Truth in Lending Act ("TILA") 1601; Federal Regulation Z, 12 C.F.R. 22, California Civil Code Section 1632, and California Business and Professions Code 17500, the specifics of which are unknown and subject to discovery.

///

///

27. Plaintiff is informed and believes and thereon alleges that defendant COUNTRYWIDE failed to verify Plaintiff's ability to repay the Subject Loan that it wrote, and said Defendants manufactured facts and figures that would show the Plaintiff had the ability to repay the Subject Loan. Further said Defendant misled and deceived Plaintiff as to the terms and conditions of the said Loan, by failing to fully disclose the terms and conditions of said Loan which Plaintiff should have known in order to make an informed decision about his ability to make the payment required. Said Defendant engaged in unlawful actions to justify their own rapacious appetite for fee income that was generated by the sale of Loans written to Plaintiff and other similarly situated persons/clients.

28. Plaintiff alleges on information and belief that said defendants violated 15 U.S.C. 1639(h) in making loans by lowering their underwriting standards in order to write loans to minority borrowers that were otherwise either financially unacceptable or unduly burdensome and would clearly subject Plaintiff and other similarly to a high risk of losing their Property by reason of Foreclosure.

29. Plaintiff alleges that defendants' obvious predatory lending practices make the Security Documents for the Loan herein subject to rescission and justifies a judgment for compensatory damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## AGAINST ALL DEFENDANTS

### (Conspiracy)

30. Plaintiff repeats, re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

VERIFIED COMPLAINT
9

31.  Commencing at the inception of the execution of the original loan with Defendants COUNTRYWIDE, and MERS conceived, designed and executed a plan, scheme and agreement to deceive and deprive Plaintiff of his statutory rights to protect his property from unexpected foreclosure.

32.  Said Defendants in concert with Defendants BOFA and RECON planned, schemed, designed and illegally conspired to "steal" Plaintiff's property ("subject property") by, without proper statutorily mandated required Loan Docs, Loan Modification, and subsequent notices, thereby conduct an illegal, unnoticed Trustee's Sale in violation of Cal CC 2923, et seq. and 2924 c-g, inclusive.

33.  Defendants COUNTRYWIDE, MERS, BOFA and RECON are extremely experienced predatory lenders/ investors and "foreclosure trustees," who knew or clearly should have known of the "title history" of subject property and none of said Defendants should have reasonably participated in the foreclosure proceedings concerning subject property, their "clearly conspiratorial agreement" to "steal" subject property from Plaintiff by ordering an illegal Trustee's Sale.

34.  As a direct and proximate result of the aforesaid deceptive, willful outrageous and illegal acts, conduct and false conspiratorial misrepresentations of Defendants, and each of them, Plaintiff has suffered harm and injury and damages in an amount unascertainable at this time, to be proven at trial.

///

///

///

35. As a further direct and proximate result of the conspiratorial willful, intentional outrageous, oppressive, acts and conduct and false representations, of said defendants and each of them, which are clearly done with malice toward Plaintiff as specifically defined in Cal CC 3294 and Plaintiff's therefore, entitled to an award of punitive and/or exemplary damages against Defendants, and each of them.

### THIRD CAUSE OF ACTION

### AGAINST ALL DEFENDANTS

#### (Aiding and Abetting)

36. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

37. Plaintiff repeats, re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

    a. Aiding and Abetting under California tort law requires:

        (1) Actual knowledge of a party's fraudulent acts, and (2) Providing substantial assistance to the party actually committing the fraud. *In re: First Alliance Mortgage Co.*, 471 F.3d 977, 995 (9th Cir. 2006). Further, ordinary business transactions a bank performs for a customer can satisfy the substantial assistance element of an aiding and abetting claim if the bank actually knew those transaction were assisting the customer in committing a specific tort. *Id.*

b. Defendants BOFA and RECON aided and abetted Defendant's COUNTRYWIDE and MERS in said Defendants fraudulent scheme to enable Defendant MERS to do business and illegally act as a lending institution in violation of California law.

38. Plaintiff is informed and believes and therein alleges that it is abundantly clear that Defendants BOFA and RECON, highly experienced knowledgeable professional real estate party who is extremely active, as "daily" sellers and buyers of real property at Trustee's sales, certainly knew of the illegal complicated scheme and practices of Defendants COUNTRYWIDE, "purported lender" and "MERS" purported beneficiary, (therefore "actual lender") and the fact that MERS, at all times herein, could not conduct business in California, and is "barred" from conducting business a "lending institution" under California Code Section 191. All said Defendants and each of them, therefore aided and abetted said fraudulent scheme as alleged herein.

39. As a direct and proximate result of the aforesaid willful, wrongful, illegal and oppressive acts and conduct and false representation of said Defendants and each of them aiding and abetting said fraudulent scheme, Plaintiff has suffered damages in an amount currently unascertained, to be proven at trial.

40. As a further direct and proximate result of the willful and intentional illegal acts, conduct and false representations of Defendants, and each of the them while acting deceptively, in concert as alleged hereinabove, by aiding and abetting each other to oppress and despicably harm and injure Plaintiff, done with malice toward Plaintiff as defined in Cal CC 3294 thereby entitling Plaintiff to and award of punitive/exemplary damages against said defendants, and each of them.

1
2 **FOURTH CAUSE OF ACTION**
3
4 **AGAINST ALL DEFENDANTS**
5 **(Intentional Misrepresentation/Deceit (Fraud)**
6       41.   Plaintiff repeats, re-alleges, and incorporates by reference each and every
7 allegation made hereinabove, as though fully set forth herein.
8
9       42.   Plaintiff is informed and believes and thereon alleges that Defendant
10 COUNTRYWIDE failed to verify Plaintiff's ability to repay the Subject Loan that it wrote
11 manufactured facts and figures that would show the Plaintiff had the ability to repay the Subject
12 Loan, misled Plaintiff as to the terms and conditions of the Subject Loan, failed to fully disclose
13 the terms and conditions of the Subject Loan that Plaintiff should have known to be able to make
14 an informed decision about his ability to make the payment required, and engaged in unlawful
15
16 actions to justify their own rapacious appetite for fee income that was generated by the sale of
17 Loans written to Plaintiff and other similarly situated.
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28
VERIFIED COMPLAINT
13

43. Defendant COUNTRYWIDE lowered its own underwriting standards in order to provide Plaintiff with a loan that was and is financially unbearable and burdensome and place Plaintiff in a position where it was likely that he would default on those loan and lose the investment that he made. Defendants, and each of them, did this to be able to later foreclose on the Plaintiff, take his property, and repeat the same fraud, and unfair and unlawful business practice again to unwitting borrowers. Plaintiff was justified in relying on the expertise of Defendant, and each of them, in that it held itself out as being capable of determining the loan size and terms that plaintiff would be able to manage without undue risk of loss. Defendants, and each of them, violated California Business Professions Code 17500 by making untrue and misleading statements about the terms of the Subject Loan.

. 44. As a direct and proximate result of the despicable and outrageous acts and misconduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial.

45. As a further direct and proximate result of the aforesaid willful, intentional, outrageous, despicable acts and misconduct, and deception of Defendants, and each of them, Plaintiff is entitled to an award of punitive and/or exemplary damages.

///

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH CAUSE OF ACTION

## AGAINST ALL DEFENDANTS

**(Intentional Violation of Statutes, CC §§1916.7, 1920, and 1921; and California**

**Corporation Code § 191)**

46.    Plaintiff repeats, re-alleges, and incorporates by reference, each and every

allegations made hereinabove, as though fully set forth herein.

47.    Defendants, and each of them, entered into an illegal pooling agreement in

express violation of California C.C. §§1916.7, 1920, and 1921, and as a direct and proximate

result therefore, failed to satisfy the requirements of an adjustable mortgage instrument as set

forth in California C.C. §1920, and the requirements for disclosure of information and

connections with a mortgage instrument, as set forth, required by California C.C. §1921.

///

///

///

///

///

///

///

///

///

///

///

48.  On or about May 24, 2006 Plaintiff executed a Deed of Trust which deceptively and illegally named Defendant, MERS, as the <u>actual beneficiary</u> on the Subject Loan to Plaintiff. This deception was necessary because MERS, the <u>real lender</u> on the loan could not legally act as a lending institution in California pursuant to the restrictions invoked under California Corporation Code Section 191, and therefore Defendant MERS had no legal enforceable authority to act as a foreclosing beneficiary on any Deed of Trust in California, without an assignment of interest. However, MERS unlawfully and outrageously ordered the filing of a notice to Default and Election to Sell Under Deed of Trust on Subject Property (See herein incorporated Exhibit "B"). Said Deed of Trust is void ab initio by operation of law, pursuant to Cal. Corporation Code Section 191, as Defendants MERS cannot authorize or request a Foreclosure Sale under Cal law as the foreclosing beneficiary. As a direct and proximate result of the aforesaid willful, intentional, deliberate acts and misconduct of Defendants, and each of them, Plaintiff has been generally damaged in an amount to be proven at trial.

49.  As a further direct and proximate result of the willful, intentional, deliberate acts and misconduct of Defendants, and each of them, in violation of aforesaid statutes, done with obvious malice to Plaintiff, said Defendants have injured and harmed Plaintiff by their despicable act and Plaintiff is therefore entitled to an award of punitive and/or exemplary damages in an amount to be proven at trial.

///

///

///

///

1

## SIXTH CAUSE OF ACTION

2

## AGAINST ALL DEFENDANTS

3

### (Demand for Accounting)

4

5

50. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

6

7   51. The true amount of money, if any, owed to Defendants by Plaintiff is unknown as

8 Defendants allege different figures for the payoff of the loan that Plaintiff contends is owed. Prior

9 to filing this action, Plaintiff requested copies of the entire file from Defendants pursuant to

10
11 Section 12 USC 2605(e) of the Real Estate Settlement and Procedures Act (RESPA). Defendants

12 have unlawfully and outrageously failed and refused to respond to said request and have therefore

13 violated the provisions of said section and therefore committed an unlawful and unfair business

14 practice act.

15   52. Defendants have alleged, on different occasions what Plaintiffs owes Defendants

16
17 on the subject loan. What Plaintiff owes to the ultimate true note holder on the subject property,

18 pursuant to Uniform Commercial Code (UCC) Section 3301, if anything, cannot be determined

19 without an accounting. Accordingly, Plaintiffs seek an accounting from Defendants and the true

20 note holder so that if any money is due and payable to Defendants the true amount can factually

21
22 be determined and Plaintiffs can then be in a position to tender the true sums due to the factual

23 note holder.

24 ///

25 ///

26 ///

27

28

# SEVENTH CAUSE OF ACTION

## AGAINST ALL DEFENDANTS

### (Unfair Business Practices)

53.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54.     California Business and Professions Code Section 17200 prohibit any unlawful, unfair or fraudulent business acts or practice and unfair, deceptive, untrue or misleading advertising and any acts prohibited by Business and Professions Code Section 17500, et seq.

55.     California Business and Professions Code Section 17500, et seq. specifically prohibits the making of a statement or production of a publication or declaration concerning any circumstances or matter of fact connected with the proposed performance of acts resulting in the disposition of real or personal property, with reasonable care should be known, to be untrue or misleading and therefore deceptive.

56.     Defendants, and each of them, have committed acts of unfair business practices defined by California Business and Professions Code Section 17200, et seq. by engaging in acts the Truth in Lending Act, using bait and switch tactics; making loans without providing borrowers with sufficient, accurate and understandable information regarding the terms and conditions of the loan; and making loans without providing borrowers with sufficient, accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrowers.

///

57. The acts all as alleged above violate California Business and Professions Code Section 17200, et seq. in the manner alleged above, and based on information and belief, in the following further respects: the conduct of Defendants, and each of them, threatens an incipient violation of various consumer protection statutes, or which violate the policy or spirit of such laws including, but not limited to, California Business and Professions Code Sections 10130 and Title 15 of the United States Codes, together with Regulation Z 12 C.F.R. 226.1

58. As a direct and proximate result of the aforesaid willful, oppressive acts and conduct and false representations of said Defendants, and each of them (Plaintiff has incurred and continues to incur damages, in an amount unascertained, to be proven at trial.

## EIGHTH CAUSE OF ACTION

## AGAINST ALL DEFENDANTS

**(Breach of Implied Warranty of Good Faith and Fair Dealing)**

59. Plaintiff repeats, re-alleges and incorporates by reference, Paragraphs 1 through 56, inclusive, as though set forth at length herein.

60. In conscious disregard of plaintiff's contractual rights said Defendants have intentionally subjected plaintiff to cruel and unjust hardship as repeatedly alleged hereinabove. Plaintiff is therefore entitled to recover an award of compensatory damages.

61. As alleged hereinabove, Defendants, each of them, virtually from the inception of the agreement misled, deceived and willfully and intentionally breached the implied covenant of covenant of good faith and fair dealing due and owing to plaintiff under California law.

VERIFIED COMPLAINT
19

62.   The aforesaid willful, wrongful, deceitful false and illegal representations and oppressive tactics, acts and conduct by Defendants, and each of them, constituted a breach of the implied warranty of good faith and were done to harm and injure Plaintiff and deceptively "steal" Plaintiff's residential real property.

63.   As a direct and proximate result of the aforementioned wrongful acts and conduct and false representations of Defendants, and each of them, Plaintiff has and will suffered damages in an amount to be proven at trial.

64.   As a further direct and proximate result of the aforementioned intentional, illegal acts and conduct and false representations of Defendants, and each of them, which were oppressive, outrageous and done with malice toward Plaintiff as specifically defined in Cal CC 3294, Plaintiff is entitled to an award of punitive and/or exemplary damages.

65.   The actions of said defendant, as hereinbefore described violation of said implied covenant of good faith and fair dealing have caused the plaintiff to suffer damages to be proven at the time of trial.

## NINTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
### (Declaratory Relief)

66.   Plaintiff repeats and re-alleges all paragraphs as made hereinabove as though fully set forth herein.

67.   Plaintiff alleges that an actual controversy exist as to the following issues.

///

///

///

///

1      68.   Plaintiff contends that the Subject Loan and Security Documents made between

2  Plaintiff and Defendants, and each of them, are void ab initio by operation of law based on the

3  facts alleged herein, including, but not limited to, defendant's violation of disclosure

4  requirements, its violation of its duty to refrain from making misleading statements and

5  fraudulent misrepresentation, and its engaging in predatory lending practices.

6      69.   Due to the improper and fraudulent activities of defendants, each of them, it is

7  improper and unjust to enforce the Security Documents through foreclosure to obtain title,

8  wrongfully, to the Subject Property

9      70.   Defendants contend that the Subject Loan met contemporary underwriting standards

10  and that it did nothing wrong in proceeding to a non-judicial foreclosure sale of the Subject

11  Property.

12      71.   Plaintiff seeks an Order from this Court stating defining, and determining the rights

13  obligations, duties and responsibilities of Plaintiff and Defendants, and each of them, concerning

14  the right to title and possession of subject property.

15

16                  **TENTH CAUSE OF ACTION**

17                  **AGAINST ALL DEFENDANTS**

18                       **(Quiet Title)**

19

20      72.   Plaintiff repeats, re-alleges all paragraphs as made hereinabove as though fully set

21  forth herein.

22      73.   Plaintiff is the legal owner of the Subject Property. A legal Description of the

23  Subject Property is as follows:

24          SEE ATTACHED AS EXHIBIT "C"

25  ///

26  ///

27  ///

28

1     74.   Plaintiff seeks to quiet title against the claims of defendants, each of them, which
2 holds itself out as the equitable owner of the Subject Property entitled to bring a non-judicial
3 foreclosure action, which claim is invalid due to Plaintiff's right of rescission due to the violation
4 of truth and lending rules and fraudulent acts in connection with the acquisition and creation of
5 the loan documents for the Subject Loan.

6     75.   Plaintiff will tender any liens against the Subject Property to the true factual note
7 holder.

8     76.   Plaintiff alleges that defendant, each of them, have no right to title or interest in the
9 Subject Property and no right to entertain any right of ownership including demanding of
10 possession or filing cases for unlawful detainer. Defendants have unclear hands and may not
11 proceed with any foreclosure action until the results of their fraudulent acts are resolved.

12     77.   Plaintiff seeks to quiet title as of July 7, 2010. Plaintiff seeks a judicial declaration
13 that title to the Subject Property is vested in Plaintiff alone and that defendants, each of them, its
14 agents and assignees, or any of them, be declared to have no estate, right, title, or interest in the
15 Subject Property and that said defendants and/or its agents and assignees, be forever enjoined
16 from asserting any estate, right, title, or interest in the Subject Property.

18     **ELEVENTH CAUSE OF ACTION**
19     **AGAINST ALL DEFENDANTS**
20     **(Injunctive Relief)**

21     78.   Plaintiff hereby incorporates by reference Paragraphs 1 through 24, Inclusive, of the
22 GENERAL ALLEGATIONS, and makes them a part of this instant cause of action as though
23 fully set forth herein.

24     79.   By reason of the fraudulent conduct of the defendants, and each of them, there is a
25 strong likelihood that Plaintiff will prevail on its suit. Plaintiff will seek leave of this court to
26 prohibit any further actions to interfere with Plaintiff's use and enjoyment of the Subject Property
27 pending a determination of this instant lawsuit.

28     VERIFIED COMPLAINT
22

1  Wherefore plaintiffs pray for:

2

3  FIRST, SECOND, AND THIRD, FOURTH, AND FIFTH CAUSE OF ACTION:

4

5  1. For rescission of the subject Loan and Security Documents;

6  2. For compensatory and special damages in an amount to be proven at time of trial;

7  3. Punitive and/or exemplary damages in an amount to be proven at time of trial;

8  4. That the actions of defendants, and each of them, be deemed to be unfair and deceptive
9
10  business Practices under California law and that defendant and that defendants, and each
11  of them, shall be deemed not to have any interest, legal, or equitable, in the Subject
12  Property described in the complaint.

13

14  SIXTH CAUSE OF ACTION:

15

16  5. An accounting of all payments, credits and notices/communications related to said
17  payments from Defendants.

18  6. An order to produce original loan documents with Plaintiff's original signature.

19

20  SEVENTH CAUSE OF ACTION:

21  7. General damages in an amount to be proven at time of trial;

22  8. Special damages in an amount to be proven at time of trial;

23
24  9. Punitive and/or exemplary damages in an amount to be proven at time of trial;

25

26

27

28

EIGHTH CAUSE OF ACTION:

10. General damages in an amount to be proven at time of trial;

11. Special damages in an amount to be proven at time of trial;

12. Punitive and/or exemplary damages in an amount to be proven at time of trial;

NINTH CAUSE OF ACTION:

13. For rescission of the subject Loan and Security Documents;

14. For compensatory and special damages in an amount to be proven at time of trial;

15. Punitive and/or exemplary damages in an amount to be proven at time of trial;

16. That the actions of defendants be deemed to be unfair and deceptive business practices

under California law and that defendants, and each of them, shall be deemed not to have

any interest, legal, or equitable, in the Subject Property described in the complaint.

TENTH CAUSE OF ACTION:

17. An Order Quieting Title of Subject Property to Plaintiff;

ELEVENTH CAUSE OF ACTION:

18. For a preliminary injunction enjoining defendants, including their agents and assigns,

from selling or interfering with Plaintiff's possession of the Subject Property pending

resolution of the issues herein.

VERIFIED COMPLAINT
24

ALL CAUSES OF ACTION:

19. For costs of suit incurred herein;

20. For such other and further relief as the Court deems just and proper.

Date: July 8, 2010



MARK CASTILLO

VERIFIED COMPLAINT
25

<u>VERIFICATION</u>

I, MARK CASTILLO, declare and state as follows:

I am the Plaintiff in the above-entitled matter. I have read the foregoing Complaint and know the contents thereof, and that it is true of my own knowledge, except as to matters, which are stated upon my own information and belief, which we believe to be true.

I declare under penalty of perjury that the foregoing statements are true and correct, executed on July 8, 2010 at San Jose, California.

MARK CASTILLO

VERIFIED COMPLAINT
26

# EXHIBIT "A"

| DOCUMENT: 18952979 | | Pages: 27 |
|---|---|---|
| | Fees | 87 00 |
| | Taxes | |
| | Copies | |
| | AMT PAID | 87.00 |

Recording Requested By:
L. HOBURG

BRENDA DAVIS                                    RDE # 007
SANTA CLARA COUNTY RECORDER                     5/26/2006
Recorded at the request of                      2:04 PM
Recording Service

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.

MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423
Prepared By:
JOAN DEAL

---------------- [Space Above This Line For Recording Data] ----------------

1930514                          00013509158205006
[Escrow/Closing #]                    [Doc ID #]

# DEED OF TRUST

MIN 1000157-0006467103-1

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated MAY 24, 2006          , together with all Riders to this document.
(B) "Borrower" is
MARIBEL CASTILLO, AND MARK CASTILLO, WIFE AND HUSBAND AS JOINT TENANTS

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

Page 1 of 16

-6A(CA) (0207)    CHL (08/05)(d)    VMP Mortgage Solutions, Inc. (800)521-7291          Form 3005 1/01
CONV/VA

DOC ID #: 0001350915820500G

Borrower's address is
852 DELMAS AVE, SAN JOSE, CA 95125
Borrower is the trustor under this Security Instrument.
(C) "Lender" is
COUNTRYWIDE HOME LOANS, INC.
Lender is a CORPORATION
organized and existing under the laws of NEW YORK
Lender's address is
4500 Park Granada MSN# SVB-314, Calabasas, CA 91302-1613
(D) "Trustee" is
CTC REAL ESTATE SERVICES
400 COUNTRYWIDE WAY MSN SV-88, SIMI VALLEY, CA 93065
(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting
solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this
Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and
telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated MAY 24, 2006          . The
Note states that Borrower owes Lender
FIVE HUNDRED TWENTY NINE THOUSAND and 00/100

Dollars (U.S. $ 529,000.00          ) plus interest. Borrower has promised to pay this debt in regular
Periodic Payments and to pay the debt in full not later than   JUNE 01, 2036          .
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

[X] Adjustable Rate Rider  [X] Condominium Rider               [ ] Second Home Rider
[ ] Balloon Rider              [ ] Planned Unit Development Rider  [ ] 1-4 Family Rider
[ ] VA Rider                   [ ] Biweekly Payment Rider         [ ] Other(s) [specify]

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners association
or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check,
draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument,
computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an
account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine
transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by

1

**PROOF OF SERVICE**
Re: *Castillo v. Countrywide, et al.*

2

3          I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 101 Second Street, Suite 1800, San Francisco, CA 94105-3659. On **August 11, 2010**, I served the following document(s) by

4     the method indicated below:

5     **CIVIL COVER SHEET**

6     **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441**

7     **DECLARATION OF LUKE W. BOWMAN IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441**

8     **DEFENDANTS' CORPORATE DISCLOSURE STATEMENT [FRCP 7.1]**

9     **DEFENDANTS' CERTIFICATION OF INTERESTED ENTITIES OR PERSONS [L.R. 3-16]**

10

11    ☒      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence

12    for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware

13    that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this

14    Declaration.

15    Mark Castillo
      681 Alexandra Court
      San Jose, CA 95125
16    Tel: 408.594.3138
      (Plaintiff In Pro Per)

17

18          I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **August 11, 2010**, at San Francisco, California.

19

20                                        _____
                                          Victoria Fedoroff

21    US_ACTIVE-104306843.1

22

23

24

25

26

REED SMITH LLP
A limited liability partnership formed in the State of Delaware