UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| MARK CASTILLO, | ) | Case No.: 10-CV-03538-LHK |
| Plaintiff, | ) | |
| v. | ) | |
| COUNTRYWIDE HOME LOANS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A.; AND DOES 1 through 100, inclusive, | ) ) ) ) ) ) | ORDER DISMISSING FEDERAL CLAIMS FROM COMPLAINT |
| Defendants. | ) | |

On July 9, 2010, Plaintiff Mark Castillo filed a complaint in the Santa Clara County Superior Court, alleging violations of federal and California law arising from a residential mortgage transaction against Defendants Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc., Bank of America, N.A., and Recontrust Company, N.A. (collectively, "Defendants"). *See* Removal (Dkt. No. 1) at Ex. A (Compl.). On August 11, 2010, Defendants removed the Complaint on the basis of the federal claims alleged, pursuant to 28 U.S.C. §§ 1331 and 1441. Removal at 2. Under his first cause of action, Plaintiff alleges violations of the federal Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, and the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. *See* (Compl.) at ¶¶ 25-29. Plaintiff also asserts ten other causes of action, all arising exclusively under state law. *See* Compl. The Court has determined that this matter may be resolved without oral argument, and that a case management

1

Case No.: 10-CV-03538-LHK
ORDER DISMISSING FEDERAL CLAIMS WITH LEAVE TO AMEND

1  conference is not needed at this time in light of the likely remand of this case to state court. Civ. L.
2  R. 7-1(b). Therefore, the hearing and case management conference set for November 23, 2010 are
3  hereby VACATED.

Because Plaintiff has failed to state a claim under either HOEPA or TILA, the Court hereby DISMISSES those claims WITH LEAVE TO AMEND, for the reasons set forth below. If Plaintiff cannot remedy the deficiencies in these federal claims, the Court will decline to assert jurisdiction over the remainder of the state-law claims, and will remand this case to state court.

## I.   BACKGROUND

Plaintiff alleges that in May, 2006, he obtained a mortgage loan[1] to refinance a previous loan on his residence at 681 Alexandra Court, San Jose, California, 95125 ("the Property"). *See* Compl. at ¶ 11; Defendants' Request for Judicial Notice (RJN) (Dkt. No. 8) at Ex. A ("Loan").[2] The Loan was secured by a Deed of Trust on the Property. RJN, Ex. B. The Loan provided $529,000.00 in financing to refinance Plaintiff's home. RJN, Ex. A at 1. In his Complaint, Plaintiff alleges that Defendants rushed and pressured him into signing the loan documentation quickly, without any explanation of the terms of the loan and without providing him with a copy of the loan to read or to obtain legal advice about. Compl. ¶ 12. Plaintiff alleges that Defendant Countrywide employed a "Real Estate Sales broker" who was paid a yield spread premium fee to "encourage and steer Plaintiff into a higher rate loan." Compl. ¶ 11, 14. However, the broker is not otherwise identified in the Complaint and is not named as a defendant. Plaintiff also contends

---

[1] Defendants argue that because Plaintiff did not sign the Loan, he has no standing to bring any related claims. However, Plaintiff is listed as "Borrower" in the Deed of Trust, and signed the Deed of Trust as "Borrower." Thus, it is not clear that Plaintiff lacks standing to bring claims relating to the refinance and foreclosure on the Property. Given that the Court may be remanding this action to state court, the Court declines to determine this issue now. The Court notes that the Plaintiff may amend the complaint to join Marbiel Castillo (signatory to the Loan) as a plaintiff.

[2] Defendants request that the Court take judicial notice of five documents: the Loan, Ex. A; the Deed of Trust on the loan, Ex. B; the TILA Disclosure Statement, Ex. C; the Uniform Residential Loan Application, Ex. D; and the Notice of Default and Election to Sell regarding the Loan, Ex. E. The Deed of Trust and the Notice of Default were recorded as official records by the Santa Clara County Recorder's Office. Accordingly, the Court will take judicial notice of these documents pursuant to Fed. R. Evid. 201(b). The Loan is referenced in and forms the basis of Plaintiff's complaint, and Plaintiff does not oppose Defendants' request. Accordingly, the Court will take judicial notice of it. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled in part on other grounds, *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The other documents, however, were not recorded, and are not referenced in the Complaint; therefore, the Court declines to judicially notice these documents.

1   that "at no time prior to and at time of executing the Subject Loan documentation did defendant
2   provide Plaintiff with any explanation or clarification of the Security Documents and/or other
3   required disclosures for him to read and review, despite Plaintiff's lack of English proficiency."
4   Compl. ¶ 13.
5         Shortly after removing, Defendants filed a Motion to Dismiss all of Plaintiff's claims on
6   August 18, 2010.  *See* Motion (Dkt. No. 7).  The matter was set for hearing on November 23, 2010.
7   Accordingly, Plaintiff's opposition to the Motion (or a statement of nonopposition) was due on or
8   before November 2, 2010, 21 days before the hearing date.  Civ. L.R. 7-3(a), (b).  Plaintiff filed
9   neither an opposition to the Motion, nor a statement of nonopposition.  On November 9, 2010,
10  Defendants filed a notice citing Plaintiff's failure, but Plaintiff has still not responded to the
11  Motion.  Dkt. No. 16.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  In deciding whether the plaintiff has stated a claim, the Court must assume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't. of Corrections*, 66 F.3d 245, 248 (9th Cir.1995).

## III.  ANALYSIS

Under his first cause of action, titled "Predatory Lending Practices," Plaintiff attempts to allege violations of HOEPA, TILA, and TILA's implementing statute Regulation Z, in addition to

3
Case No.: 10-CV-03538-LHK
ORDER DISMISSING FEDERAL CLAIMS WITH LEAVE TO AMEND

1   violation of several California Code sections.  Compl. ¶ 26.  In support of these claims, Plaintiff
2   alleges that "defendant COUNTRYWIDE failed to verify Plaintiff's ability to repay the Subject
3   Loan . . . and said Defendants manufactured facts and figures that would show the Plaintiff had the
4   ability to repay the Subject Loan.  Further said Defendant misled and deceived Plaintiff as to the
5   terms and conditions of the said Loan, by failing to fully disclose the terms and conditions of said
6   Loan which Plaintiff should have known in order to make an informed decision about his ability to
7   make the payment required . . . Plaintiff alleges on information and belief that said defendants
8   violated 15 U.S.C. § 1639(h) in making loans by lowering their underwriting standards in order to
9   write loans to minority borrowers that were otherwise either financially unacceptable or unduly
10  burdensome and would clearly subject Plaintiff . . . to a high risk of losing their Property . . . by
11  reason of Foreclosure."  Compl. ¶¶ 27-28.  On the basis of these allegations, Plaintiff claims both a
12  right to rescind the Loan and a right to money damages.

### i. Plaintiff's TILA and HOEPA Damages Claims

First, Plaintiff's attempt to state a violation of TILA and HOEPA is simply too vague to successfully state a claim.  Plaintiff fails to identify any specific disclosure requirement of either statute that was allegedly violated by Defendants, other than 15 U.S.C. 1639(h).  In addition, Plaintiff's conclusory allegations that Defendant failed to "fully disclose the terms and conditions of said Loan which Plaintiff should have known in order to make an informed decision," that Defendants "failed to verify Plaintiff's ability to repay the Subject Loan" or "manufactured facts and figures" are not sufficiently precise to put Defendants on notice as to how Plaintiff claims TILA or HOEPA were violated, or which Defendant was responsible for the violation.  *Twombly*, 550 U.S. at 535-55; *Ashcroft*, 129 S.Ct. 1937, 1949 (2009).

Moreover, Plaintiff's claims appear to be time-barred.  Money damages claims under both TILA and HOEPA are limited by a one-year statute of limitations.  "A claim under HOEPA is subject to TILA's one year statute of limitations." *Periguerra v. Meridas Capital, Inc.*, 2010 WL 395932, at *6 (N.D. Cal. Feb. 1, 2010), citing *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 304-305 (3rd Cir.2005) ("An affirmative action under HOEPA must be brought within one year of the violation").  When the alleged violations are based on a failure to disclose information during the

4
Case No.: 10-CV-03538-LHK
ORDER DISMISSING FEDERAL CLAIMS WITH LEAVE TO AMEND

loan origination, the limitations period begins running the date the loan issues. *See* 15 U.S.C. § 1640(e). Plaintiff alleges that the loan transaction closed in May, 2006, and the Loan itself is dated May 24, 2006. RJN, Ex. A. Thus, the limitations period expired a year later, on May 24, 2007. Plaintiff did not file his Complaint until July 9, 2010, over three years after the limitations period expired.

Equitable tolling of TILA and HOEPA claims can extend the one-year limitations period, but such tolling is only available if "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Because Plaintiff's TILA and HOEPA claims are based on allegations that Defendants failed to make required disclosures, the information underlying Plaintiff's claims was likely in his possession when the documents were signed. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (affirming summary judgment finding no equitable tolling of TILA claims, when claims were based on a failure to disclose information, and when the failure was apparent from the face of the loan papers, because plaintiffs failed to allege any reason the claims were not discoverable). Plaintiff has not alleged any reason to extend the limitations period for his claim, and has not opposed Defendants' Motion. Accordingly, the Court finds that Plaintiff's Complaint is impermissibly vague in asserting TILA and HOEPA damages claims, and that Plaintiff has pled no facts to establish that the statute of limitations on these claims should be tolled. Despite the fact that Plaintiff did not oppose this Motion, Plaintiff is representing himself, and the Court cannot dismiss his claims with prejudice unless it is clear that leave to amend would be futile. *King v. California*, 784 F.2d 910, 912, 915 (9th Cir. 1986) (granting leave to amend to allege grounds for equitable tolling of TILA damages claim asserted by pro se plaintiff who failed to oppose motion to dismiss). Plaintiff's TILA and HOEPA damages claims are therefore DISMISSED with LEAVE TO AMEND. Plaintiff shall file an amended complaint addressing these issues within **30 days of the date of this Order**.

### ii. TILA Rescission Claim

Claims for rescission under TILA are limited by a one-year statute of limitations, and a three-year statute of repose. 15 U.S.C. § 1635(f); *See King*, 784 F.2d at 913. The statute of repose

5

runs from the earlier of the date the loan is financed or the date the property is sold, and cannot be tolled. *Id*. Plaintiff's claim for rescission under TILA was brought more than four years after the loan was signed. His claim is therefore barred. Because this claim is time-barred, leave to amend it would be futile. Accordingly, the Court DISMISSES Plaintiff's claim for TILA rescission WITH PREJUDICE.

### IV.    CONCLUSION

The Court DISMISSES Plaintiff's TILA and HOEPA damages claims with LEAVE TO AMEND, and DISMISSES Plaintiff's claim for TILA rescission WITH PREJUDICE. Plaintiff shall file an amended complaint addressing these issues within **30 days of the date of this Order**. The hearing and case management conference previously set for November 23, 2010 are hereby VACATED.

The vast majority of Plaintiff's claims assert violations of state law, rather than federal law. The Court finds that unless Plaintiff can amend his complaint to state a viable claim for violation of federal law, the Court is not inclined to exercise supplemental jurisdiction over the remaining state law claims. *See Carlsbad Tech*., *Inc*. *v*. *HIF BIO*, *Inc*., 129 S. Ct. 1862, 1866-67 (2009); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .) ." Accordingly, if the Plaintiff fails to amend his complaint to state a federal claim, the Court will REMAND this matter to the Superior Court for Santa Clara County.

**IT IS SO ORDERED.**

Dated: November 12, 2010

_____
LUCY H. KOH
United States District Judge